### ALLEN GRAVEL CO. *v.* NIX.

[93 South. 244.   No. 22411.]

1. CORPORATIONS. *General manager has general charge of corporate business; implied powers coextensive with general scope of business; general manager can do any acts which directors could authorize or ratify unless special limitation is known.*

   The general manager of a corporation has general charge and direction of the company for the carrying on of the business for which it was chartered; his implied powers are coextensive with the general scope of the business of the company. *Prima facie* he has the power to do any act which the board of directors could authorize or ratify, unless any special limitation put upon his power is brought to the notice of those dealing with the company.

2. CORPORATIONS. *General manager has apparent authority to employ laborers by year unless otherwise limited by by-laws of which laborers have notice.*

   The general manager of a corporation engaged in mining gravel having the management and control of such mining business, including the employment and discharge of laborers used in connection with such business, has the apparent authority to employ such laborers by the year, and, unless, in dealing with the company they have notice that its by-laws limit the general manager's authority to employing labor for not longer than by the month, the corporation is bound by his contract employing such labor by the year.

APPEAL from circuit court of Tishomingo county.

HON. C. P. LONG, Judge.

Action by A. N. Nix against the Allen Gravel Company. From a judgment for plaintiff, defendant appeals. Affirmed.

*W. H. Kier,* for appellant.

It is fundamental in the law of principal and agent that "the power of every agent to bind his principal rests upon the authority conferred upon him by the principal. . . . Every person therefore who undertakes to deal with an alleged agent is put upon inquiry, and must discover at his peril that such pretended agent has authority, that it is in its nature and extent sufficient to permit him to do the proposed act, and that its source can be traced to the will of the alleged principal. No third person can hold the principal if the agent acted without authority, or outside the scope of the authority really or apparently possessed by such agent." See 31 Cyc., pages 1322-1323; *Busby* v. *Yazoo, etc., R. R. Co.,* 80 Miss. 13, 43 So. 1; *Dozier* v. *Freeman,* 47 Miss 647; *Brown* v. *Johnson,* 12 S. & M. 398.

If the third person makes no inquiry, but chooses to rely on the agent's statement he is charged with knowledge of the agent's authority. *Nova Scotia Bank* v. *Richards,* 33 N. Brunsw. 412, 31 Cyc. 1323 (Note). In the case at bar the appellee was dealing with the principal, and with the agent of the principal, for the first time, and the appellee knew the character of the business of appellant, knew, or should have known, that this business was not conducted or operated continuously, due to its ability to secure cars for shipment of gravel, weather conditions, and the further facts as to not operating during the winter months and he was therefore charged with the duty of ascertaining the real or actual authority vested in agent Foshee. See 31 Cyc. 1331-1332-1333; *Potter* v. *Springfield Milling Co.,* 75 Miss. 532, 23 So. 250; *Planter's Bank* v. *Cameron,* 3 S. & M. 600.

Third persons are charged with the duty of inquiring and ascertaining the authority possessed by the agent, and when implied authority is relied upon, this implied authority is limited to the purposes for which the agency was created and to the acts and duties ordinarily intrusted to such agent, and also limited by the usual course of dealing

in the business in which the agent is employed.   And as to an agent acting within the apparent scope of his authority, recourse must be had to the nature and character of the business, the method and course of dealing of the principal in all of its ramifications, and no fixed rule can be laid down to determine this, each business resting largely upon peculiarities and characteristics in a determination of these questions of implied authority, course of business dealings and apparent scope of authority.   See 31 Cyc, 1335-1336-1337.

We most earnestly submit that the motion of the appellant to exclude the testimony and direct the jury to find for the defendant, the appellant here, should have been sustained.

*J. A. Cunningham,* for appellee.

We respectfully submit that it would certainly be a great injustice to allow the general manager and vice-president of this company to enveigle a laborer into a contract, and then to avoid it on such proof as this record discloses.   It is passing strange that all this lack of authority to employ this man showed up just at the time there was a general falling off of business and that all contracts became undesirable because of the sudden slump.   The court below could not stand for it, with his conception of the law and his conception of justice, and we respectfully submit that this court should confirm this finding of the lower court.

ANDERSON, J., delivered the opinion of the court.

Appellee, A. N. Nix, sued appellant, Allen Gravel Company, in the circuit court of Tishomingo county for damages for an alleged breach of a contract of employment of him by appellant, and recovered judgment in the sum of three hundred dollars, from which appellant prosecutes this appeal.

During the year 1919 appellant, a corporation, was engaged in Tishomingo county in mining gravel.   G. W.

Foshee was vice president and general manager of the business of the company. He had general management, and control of its gravel mines in Tishomingo county, employing and discharging labor used in connection therewith.

Appellee's testimony tended to establish the following case: That on the 24th of January, 1919, he was employed by Foshee for appellant for the balance of that year at a monthly salary of ninety-five dollars a month, "as track foreman in what is known as the extra work department;" that under this contract of employment he went to work for appellant, and continued until the 13th of June, 1919, when appellant discharged him without cause and in violation of his contract of employment.

Appellant's testimony was to the effect that appellee was not employed by the year, but only by the month, and, in addition, that the general manager was without authority to employ any labor in and about its mining business for a longer time than by the month, and, in addition, that, in view of the fact that its mining business did not run continuously throughout the year, its general manager had no authority to employ labor by the year. This evidence on behalf of appellant, by which it was sought to establish that the act of the general manager in employing the appellee was beyond his authority, was ruled out by the trial court, and that action of the court is the basis of the only assignment of error argued. There is no evidence in the case tending to show that any limitation on the authority of the general manager to employ and discharge labor was brought to the attention of appellee.

The general manager of a corporation has general charge and direction of the business of the company for the carrying on of which it was chartered. His implied powers are coextensive with the general scope of the business of the corporation. *Prima facie* he has power to do any act which the board of directors could authorize or ratify, unless special limitations are put upon his power, notice of which has been brought to the party dealing with him. It is sufficient for those dealing with the general manager of a corpo-

'ration in the ordinary course of the business of his company if its articles of incorporation show that he might have the power which he purports to have. 14 Corpus Juris, section 1862, p. 94; Id., section 2217, p. 358; Id., section 221, pp. 359 and 360; *Planters' Compress Co. v. Ireys* (Miss.), 16 So. 386 (not officially reported); *Carey-Halliday v. Cain,* 70 Miss. 628, 13 So. 239.

Appellee in dealing with Foshee, the general manager, had the right to act on appearances; he was not bound by any limitation placed on the general manager's authority by the board of directors of his principal unless he had notice of such limitation. He had the right to assume that the general manager had authority to do anything with reference to the employment of labor which the company itself had the right to do through its board of directors. And certainly he had the right to assume that the company had the power under its charter to employ labor either by the day, month, or year.

It follows that the court below committed no error in ruling out this evidence.

*Affirmed.*