## C. M. FULLER, TRUSTEE, *v.* J. L. DAVIS.

DEED OF TRUST. *Power to appoint new trustee. Assignee not a "legal representative."*
The assignee of a note and deed of trust securing the same is not authorized to appoint a new trustee, by a provision in the deed empowering the *cestuis que trust* "or their legal representatives" to make such appointment.

APPEAL from the Circuit Court of Attala County.
HON. C. H. CAMPBELL, Judge.

In January, 1880, J. L. Davis and I. T. Davis executed a deed of trust upon two mules, the crops to be grown by them during that year, and a quarter section of land to T. O. Conner, as trustee, to secure the payment of an indebtedness which they owed to S. P. Rimmer & Son, and which was evidenced by the two promissory notes of the grantors in the trust-deed. The indebtedness was made due and payable on the 1st of October, 1880, and the trustee was authorized to take possession of and sell the property deeded upon default in the payment of the notes.

The deed of trust contained a provision in these words: "And said S. P. Rimmer & Son, or their legal representatives, can, at any time they may desire, appoint a trustee in place of said T. O. Conner or any succeeding trustee."

The notes and deed of trust were assigned to M. J. Rimmer, and on the 29th of August, 1884, the notes being partly unpaid, he

appointed C. M. Fuller trustee in the deed in place of T. O. Conner. Thereupon Fuller, as such trustee, took possession of one of the mules bound by the deed.

This action of replevin was brought in September, 1884, by J. L. Davis, before a justice of the peace, to recover the mule taken possession of by Fuller. The judgment in the justice's court was against the plaintiff, who appealed to the circuit court. At the trial in the latter court the plaintiff proved his ownership of the mule, and the defendant proposed to show that he had taken the mule as substituted trustee in the deed of trust, but the court excluded the deed from the evidence, on the objection of the plaintiff that it "conferred no power upon M. J. Rimmer as the assignee of S. P. Rimmer & Son to appoint a trustee in place of the trustee named" therein. The verdict and judgment were for the plaintiff, and the defendant appealed to this court.

*Allen & McCool*, for the appellant.

The deed of trust clearly confers authority on the said M. J. Rimmer, as assignee, to appoint a substituted trustee to execute the provisions of the same, and that the said trustee, C. M. Fuller, so appointed, had full power and authority to act in that capacity. The decision mainly relied on by the appellee to support his case, in 53 Miss. 119, is not analogous to the one at bar, for the manifest reason that the language of the instrument construed in that decision is differently worded than the deed of trust given by Davis to S. P. Rimmer & Son, and we call especial attention to the phraseology of the instruments. No definite rule can be formulated in contracts of this sort. The powers conferred in each deed of trust must govern. The appointment of C. M. Fuller was valid, and conferred authority to take possession of the property and execute the terms of the said trust.

In this deed of trust there is an interposed auxiliary sentence, to wit : " Or their legal representatives," not mentioned in the deed of trust construed in case of *Clark* v. *Wilson*, 53 Miss., which conveys a synonymous meaning with the technical term " assignee," and they are in the two cases convertible expressions—meaning the same thing.

*Haden & Dodd*, for the appellee.

The court will observe that the deed of trust expressly stipulates that "said S. P. Rimmer & Son or their legal representatives" only had the power given them to appoint a trustee in place of T. O. Conner, chosen in the instrument.

And as Mrs. Rimmer is at most only the assignee of S. P. Rimmer & Son, and not "their legal representative," could she lawfully make the appointment over appellee's objection?

The case of *Clark* v. *Wilson et al.,* 53 Miss. 127–128, is decisive of the question, to which we invite the attention of the court.

"The deed is the source of power and limit of duties and rights of the trustee and *cestuis que trust."* Again says Mr. Justice Simrall, in delivering the opinion of the court: "There is no inherent right in the creditor, who is secured by a deed in trust, to appoint a trustee in the event of death, refusal to act, or resignation. That such power can be exerted by reason *only of express authority* conferred on the *cestui que trust,* to name another trustee." "The deed is the measure and extent of the grantor's will." "Nor can those who take by succession from him, as the executor or administrator, make an appointment unless they are *expressly authorized by the grantor to do so."* Hill on Trustees 183; 7 Sugden on Powers 145; *Bradford* v. *Belfield,* 2 Sim. 264.

CAMPBELL, J., delivered the opinion of the court.

The assignee of the note was not the "*legal representative*" of the payees, so as to be entitled to substitute a trustee under a provision in a deed of trust authorizing the payees "*or their legal representatives*" to appoint another trustee. An assignee claims in his own right, and not in a representative character.

*Affirmed.*