## STRINGER *v.* PRICE.*

(Division A. May 17, 1926. Suggestion of Error Overruled May 31, 1926.)

[108 So. 431. No. 25729.]

1. CHATTEL MORTGAGES.
    Liquidating agent of insolvent bank *held* its legal representative within power conferred in deed of trust giving bank authority to substitute trustee.

2. CHATTEL MORTGAGES. *Appointment of substituted trustee by writing addressed to chancery clerk of county, specifying substitution, held sufficient to vest substituted trustee with power to maintain suit in replevin for property covered by deed of trust (Code 1906, section 2773 [Hemingway's Code, section 2277]).*
    Appointment of substituted trustee under power in deed of trust, evidenced by writing addressed to chancery clerk of county, authorizing specified substitution, *held* sufficient to vest substituted trustee with power to maintain suit in replevin for property covered by deed of trust; provisions of Code 1906, section 2773 (Hemingway's Code, section 2277), relative to sales of land under deeds of trust not applying to proceedings for possession of personal property.

*Corpus Juris-Cyc. References: Banks and Banking, 7 C. J., p. 482, n. 64 New, Chattel Mortgages, 11 C. J., p. 610, n. 50 New.

APPEAL from circuit court of Jefferson Davis county. HON. J. Q. LANGSTON, Judge.

Replevin suit by H. C. Stringer, substituted trustee, against John Price. From a judgment for defendant on a directed verdict, plaintiff appeals. Reversed and remanded.

*H. C. Stringer,* for appellant.

The court erred in holding that the substitution of the trustee in this cause was null and void, and that the

trustee was without authority to move in the case at all. The banking authorities did everything necessary in this case to clothe the trustee with exclusive authority to act in the capacity assigned him by this substitution. The first thing which was done was the filing of a written request with the chancery clerk of Jefferson Davis county to substitute H. C. Stringer as trustee in the place of G. M. Milloy. The second step which was taken was the making of the notation by the clerk on the face of the record as requested by the banking authorities. For the statute which mentions how substitution of trustees is made when the deed of trust is on lands, see section 2773, Code of 1906 (section 2277, Hemingway's Code).

The trial court held that before the substituted trustee could proceed that the copy of the substitution must be duly acknowledged, filed and recorded. There are four major reasons why the trial court erred: (1) Because appellant was not undertaking to replevy real estate, but was undertaking to recover in trust property purely personal. The deed of trust covered only chattels; (2) Because we were not undertaking to sell property, but were undertaking to get it into the possession of the proper authority so that same might be protected both for the grantor of the trust deed and for the beneficiaries therein mentioned; (3) Because the trustee in litigation is only a nominal party to the case and the rights of the real parties to the litigation are not affected by the trustee nor by the person designated as substituted trustee; (4) Because, if the court should hold that the substitution of trustees in chattel trust deeds should be performed in the way directed for substitution of trustees in real estate, the substitution in the case before us was a substantial compliance with the rule as set out in the statute.

The only purpose for the clerk's attesting the signature of the substitutor in a deed of trust is to guard against fraud and deceit. The notice on file and the acts of the clerk as agent for the beneficiary in this case and

the attestation by the clerk were all sufficient in this matter to clothe the substituted trustee with power to act as nominal plaintiff in this case. See *King* v. *Jones,* 121 Miss. 319, 83 So. 531; *Camp et al.* v. *Celtic Land & Improvement Co.,* 129 Miss. 417, 91 So. 897. This case should be reversed.

*Livingston & Milloy,* for appellees.

There is but one question of law in this case and that is: Was H. C. Stringer, under the terms and provisions of the deed of trust, properly and legally substituted trustee? The court below held, and we think properly so, that H. C. Stringer had not been properly and legally substituted trustee. See 26 R. C. L., p. 1278, section 128.

It has been specifically held by this court in *Allen* v. *Alliance Trust Co.,* 84 Miss. 319, 36 So. 285, that an attorney in fact of the beneficiary in a deed of trust cannot appoint a substituted trustee where the deed provides for the appointment by the beneficiary or any holder of the notes secured or their legal representative. See, also, *Sharpley* v. *Plant,* 79 Miss. 175, 28 So. 799, 89 A. S. R. 588.

The case of *Clarke* v. *Wilson,* 53 Miss. 119, is exactly in point and is conclusive that neither the Oakvale Bank nor the state bank examiners could have even substituted the trustee at the time of the substitution of the trustee in the case at bar was attempted.

Counsel for appellant is mistaken when he says that the Oakvale Bank, its agent or assigns, could appoint a trustee. The deed of trust provides specifically and with great certainty that only the Oakvale Bank or its legal representative has the power and authority to substitute a trustee. There is no difference in law in substituting a trustee involving personal property and a trust deed involving real estate. *C. M. Fuller, Trustee,* v. *J. L. Davis,* 63 Miss. 78, is conclusive of this point.

The case should be affirmed.

*Flowers, Brown & Hester,* in reply, for appellant.

Did J. L. Parkman, either as president of Oakvale Bank or as agent in charge of the liquidation thereof, have the power to substitute a trustee in the place of the trustee originally named in the deed of trust in question?

The deed of trust in question provides that Oakvale Bank or its legal representatives can, at any time they may desire, appoint a trustee in the place of the original trustee. This power was exercised by J. L. Parkman as president and liquidating agent of Oakvale Bank. As liquidating agent of Oakvale Bank, J. L. Parkman, was its legal agent. He was the agent appointed by the chancery court of Lawrence county to have immediate charge of the liquidation of its affairs. When this bank failed, the matter of its liquidation was submitted to the chancery court of Lawrence county by the Banking Department of the state of Mississippi and J. L. Parkman was designated as liquidating agent by the court. He is the legal representative of Oakvale Bank in every sense of the word.

On the other hand, if J. L. Parkman had not acted as liquidating agent of Oakvale Bank in appointing the substituted trustee, he would have had authority to do so as president of Oakvale Bank. A banking corporation is an artificial person and can act only through its officers and agents, and the president of a bank is certainly the officer with most authority. If the right to make the appointment is not held by the liquidating agent of the bank as its legal representative, it is still held by the bank as a corporation, and the exercise thereof by the president of the bank was proper.

*Clark* v. *Williams,* 53 Miss. 119, cited by counsel for appellee to show that neither Oakvale Bank nor anybody else could exercise the power to appoint a substituted trustee in the deed of trust in question, is not in point here. In that case the power was attempted

to be exercised by the trustee in bankruptcy for the beneficiary in the deed of trust, but the deed of trust did not give the legal representative of the beneficiary the right to exercise the power as is the case here. It simply gave the beneficiary in the deed of trust the right to appoint a substituted trustee.

Neither are the cases of *Allen* v. *Alliance Trust Co.,* 84 Miss. 319, nor *Sharpley* v. *Plant,* 79 Miss. 175, nor *Fuller, Trustee,* v. *Davis,* 63 Miss. 78, in point here. In the Allen case it was held that an attorney in fact of the beneficiary could not exercise the power on behalf of the beneficiary. An attorney in fact is simply an agent and is not the legal representative of the party he represents. In the Sharpley case the deed of trust required that the appointment be in writing and under seal. This case simply holds that the power must be exercised by the person and in the manner provided in the deed of trust. In the Fuller case the court held that the assignee of a note was not the legal representative of the payees therein; that an assignee's claim is in his own right and not in a representative character.

Counsel for appllees have not cited, nor can they show, a case where our court has held that a party who has been appointed by the court to wind up the affairs of an insolvent corporation is not the legal representative of such concern.

The deed of trust in question gave the legal representative of Oakvale Bank the right to appoint a substituted trustee at any time it might desire, and he cannot be said to stand in any other relation to Oakvale Bank than that of its legal representative.

II. Assuming that J. L. Parkman, either as liquidating agent or as president of Oakvale Bank, had the power to appoint a trustee in the place of the original trustee, let us see if what he did in this case was sufficient to give appellant, the substituted trustee, the right to maintain a replevin suit covering the property in question.

143 Miss.—13.

The direction to the clerk was to show on the records the fact of the substitution only. The chancery clerk did not attempt to exercise the power to make the substitution under the deed of trust in question. All he did was to note the fact of such substitution on the margin of the record where the deed of trust was recorded, as directed by J. L. Parkman as president and liquidating agent of Oakvale Bank who made the substitution. The chancery clerk was not attempting to exercise the power to make the substitution, but to perform a ministerial function.

The law does not require that a substituted trustee in deeds of trust covering personal property only be appointed in any particular manner. In this case appellant was not attempting to make a sale of the personal property under the deed of trust. All that he was attempting to do was to get possession of the property. He may have intended to advertise and sell the same later, but he had not attempted to do this at the time this suit was tried. He was seeking to get possession of the property by the replevin suit. And when he offered to introduce in evidence the deed of trust in question, the instrument from Parkman as president and liquidating agent of Oakvale Bank, he showed conclusively that he had a right to the possession of the property covered by the deed of trust. We think that there is no doubt but that the evidence offered was sufficient to show that appellant had a right to maintain the replevin suit. See *King* v. *Jones,* 121 Miss. 319, 83 So. 31.

The question here is not as to the proper record of the instrument appointing appellant substituted trustee, for record thereof is not required, but as to whether it is sufficient, as against appellees, to give appellant the right to take possession of the property in question. We think it unquestionably is, because the deed of trust gives Oakvale Bank or its legal representative the right to appoint a substituted trustee at any time desired, and no formal manner is prescribed for the exercise of such

power.    Parkman as legal representative of the bene-
ficiary bank appointed appellant substituted trustee in
writing.    The writing leaves no room for doubt or un-
certainty as to the appointment.

Under the deed of trust appellant had the right to pos-
sess the property.

Cook, J., delivered the opinion of the court.

This is a replevin suit which was begun in the court of
a justice of the peace of Jefferson Davis county, seeking
to recover the possession of certain personal property
covered by a deed of trust executed by the defendant and
his wife in favor of the Oakvale Bank as beneficiary.    The
suit was instituted by the appellant, H. C. Stringer, as
substituted trustee in said deed of trust, and, at the con-
clusion of the evidence offered by the plaintiff, the court
sustained a motion to exclude this evidence and direct
a verdict for the defendant on the ground that no prop-
er substitution of the plaintiff as trustee was shown.

The deed of trust under which the appellant was
seeking to recover possession of this property conveyed
the property in trust to J. A. Kelly, and provided that
the beneficiary, ''the Oakvale Bank, or their legal rep-
resentatives, can, at any time they may desire, appoint
a trustee in the place of J. A. Kelly or any succeeding
trustee.''    It also contained the further provision that:

''Should the trustee at any time believe said property,
or any part thereof, endangered as a security for said
payments, he shall take the same into his possession and
hold until said payments are made, or until the said prop-
erty is sold as aforesaid, but, until demanded by the trus-
tee for either of the purposes aforesaid, said party of
the first part can hold the same.''

The appointment upon which the appellant relies for
his authority to prosecute this suit appears in a writing
addressed to the chancery clerk of the county, and signed
by J. L. Parkman as president and liquidating agent of

the Oakvale Bank, an insolvent institution then being liquidated under the direction of the state banking department; this writing being in the following words and figures, to-wit:

"Oakvale, Miss., Nov. 13, 1925, A. D.

"Hon. R. E. Dale, Prentiss, Miss.—Dear Sir: Please refer to the following pages of the following records in your office and substitute H. C. Stringer as trustee in the place of G. M. Milloy, G. C. Bass, and J. A. Kelly, respectively, and let the following appear as directed by law on the face of said records, to-wit:

"H. C. Stringer is hereby appointed and substituted as trustee in the place of ———, he being more convenient to serve.

"The deeds of trust, the book and page number of each is ———.

"Joe Buckley to Oakvale Bank, G. C. Bass, trustee, recorded at page 531, Chattel Deed Record No. 38; A. E. Blanchard *et ux.* to Oakvale Bank, G. M. Milloy, trustee, recorded at page No. 530 in Chattel Deed Record No. 38; and John Price *et ux.* to Oakvale Bank, J. A. Kelly trustee, recorded in book (Chattel) No. 41, on page 216.

"Thanking you in advance for your usual promptness, I beg to remain sincerely yours, J. L. Parkman, President of Oakvale Bank and Liquidating Agent."

There are but two questions presented and argued in the briefs of counsel: First, did J. L. Parkman, either as president of Oakvale Bank or as agent in charge of the liquidation thereof, have the power to substitute a trustee in the place of the trustee originally named in the deed of trust in question, and second, if he possessed such power, was the exercise of it by him in this case sufficient to vest H. C. Stringer, the substituted trustee, with the power to maintain a suit in replevin for the property covered.

The power of appointment was conferred upon the Oakvale Bank, a corporation, or its legal representatives. The duly appointed liquidating agent in charge of the

affairs of this insolvent bank undertook to exercise this power, and, to determine his right so to do, it is necessary to consider the meaning of the phrase "legal representatives" in the light of the decisions of this court. In the case of *Allen* v. *Alliance Trust Co.*, 84 Miss. 319, 36 So. 285, in discussing the meaning of this phrase, the court said:

"It usually means executors or administrators; but it cannot, of course, mean executors and administrators only, in whatever instrument it may appear, and with reference to all the different subject-matters treated of in the multitude of varying instruments, and no matter what the plain purpose of the maker of the instrument using the phrase may be in using it. The court construing the meaning of the phrase arising upon the face of a particular instrument having reference to a particular subject-matter must seek to find the purpose of the party using it in using it as he does. . . . So the authorities clearly demonstrate that it may, in various circumstances, mean executors, administrators, heirs, legatees, assignees, and devisees, even while legatees or devisees are strangers; in short, it may mean any person or corporation taking the beneficial interest in property, real or personal. . . . As we have said in the outset, any person or corporation which takes beneficially from another person or corporation may, if the particular instrument and the particular subject-matter show that plainly to be the purpose in using the phrase, satisfy the meaning of this phrase 'legal representatives,' and in that view the assignee of a corporation may be the legal representative in a proper case. So those appointed by statute or otherwise to wind up the business of an insolvent or dissolved corporation may be its legal representatives. . . ."

The liquidating agent of this insolvent bank was charged with the duty of collecting its assets and winding up its business under the direction of the state banking department, and he was clearly its legal representative

within the purview of the power conferred by the deed of trust.

Upon the other question presented for decision, we think the appointment of a substituted trustee, as it appears in the writing offered in evidence, was sufficient to vest him with power to maintain a suit in replevin for the property covered by the deed of trust.

Under the direction of the liquidation agent, the chancery clerk of the county entered on the margin of the record of the deed of trust the fact of the appointment of the appellant as substituted trustee, but it may be readily conceded that this added nothing to the effectiveness of the previous appointment. Section 2773, Code of 1906 (section 2277, Hemingway's Code), provides that sales of land made under deeds of trust shall be void unless, before the first notice of sale shall have been posted or published, the substitution shall appear of record in the chancery clerk's office of the county where the land is situated, but we know of no such statutory requirement in the case of chattel deeds of trust. However, if the strict statutory requirements in case of land sales should be applied to sales under chattel deeds of trust, it would not militate against the right of the appellant to maintain this suit. He is not now attempting to sell the property, but by this proceeding is only attempting to exercise the power conferred upon the trustee to take possession of the property covered by the deed of trust whenever he may believe the property, or any part thereof, endangered as security for the payments secured thereby. We think the writing offered in evidence constitutes a sufficient appointment of the appellant as substituted trustee, and that he was thereby authorized to prosecute this suit to recover possession of the property covered by the deed of trust.

The judgment of the court below will therefore be reversed, and the cause remanded.

*Reversed and remanded.*