WEST *v.* UNION NAVAL STORES CO.

[77 South. 961, Division B.]

1. MORTGAGES. *Appointing substituted trustee.*

Under the terms of a deed of trust providing that: "If the trustee shall die or move from the state or county, or for any cause fail

or refuse to act, then the beneficiary herein named, or his successors or assigns, or their legal representatives, may appoint another trustee, whose powers and duties shall be the same as the trustee herein named." Where the original trustee refused to act after the assignment of the deed of trust, the assignee whether a natural or artificial person had the power to appoint a substituted trustee.

2. SAME.

The intention of the parties must be determined from the instrument and it is clear from the consideration of the instrument that there was no personal discretion to be confided to any particular person, but that any holder or owner of the deed of trust shall have the power of appointment.

3. SAME.

While the power of appointing a substituted trustee is strictly construed, and must be literally complied with, it is manifest in this case that it was the intention of the parties that the owner or holder of the deed of trust, whoever it might be, should exercise such power, and it was expressly provided that such power might be exercised by their legal representatives.

ON SUGGESTION OF ERROR. For former opinion see 116 Miss. page,——, 77 So. 609.

APPEAL from the chancery court of Wayne county. HON. W. M. DENNY, Chancellor.

*Baskin & Wilbourn,* for appellant.

*White & Ford,* for appellee.

COOK, P. J., delivered the opinion of the court.

ETHRIDGE, J., delivered the opinion of the court.

The only point raised in the suggestion of error not expressly dealt with in the opinion is the validity of the appointment of a substituted trustee by R. W. Fagan & Co. The terms of the deed of trust provided:

"If the trustee or any substituted trustee shall die or move from the state or county, or for any cause fail or refuse or become unwilling to execute this trust,

then the beneficiary herein named, or his successor or assigns, or their legal representatives, may appoint another trustee, whose powers and duties shall be the same ·as the trustee herein named.''

The original trustee refused to act after the assignment of the deed of trust to R. W. Fagan & Co. The appointment of the substituted trustee is as follows:

''W. A. Bodie having refused to act as trustee, we hereby appoint A. H. Gray as substituted trustee in his place.

.''[Signed]   R. W. FAGAN & Co.''

It will be noted, from the provisions of the deed of trust for the appointment of a substituted trustee, that any successor, assign, or their legal representatives; should· have the power of appointment in case of failure or refusal, etc.   The intention of the parties must be determined from the instrument, and it is clear from a consideration of the instrument that there was no personal discretion to be confided to any particular person, but that any holder or owner of the deed of trust should have the power of appointment; and while the power of appointing a substituted trustee is strictly construed, and must be literally complied with, it is manifest in this case that it was the intention of the parties that the owner or holder of the deed of trust, whoever it might be, should exercise such power, and it was expressly provided that such power might be exercised by their legal representatives.   There was a strict compliance with the terms of appointment in this case.

*The suggestion of error is overruled.*