## GRIFFIS *v.* MARTIN OIL CO.

[90 South. 324. No. 22009.]

CORPORATIONS. *Deed signed and acknowledged by corporation's president and attested by secretary under seal held sufficient.*

Section 2799, Code of 1906 (section 2300, Hemingway's Code), prescribing the form of acknowledgments for use by natural persons, and the form for proof of an instrument by a subscribing witness, provides that these forms may be used in the case of conveyances of real estate, and that "any acknowledgment so taken and certified shall be sufficient to satisfy all requirements of law," and under this section a corporate deed, signed in the name of the corporation by the president thereof, and attested by the secretary under the corporate seal, is entitled to be recorded when the acknowledgment thereof sufficiently identifies the official character of the corporate officer who executed the deed, and is in exact compliance with the form prescribed by this section.

APPEAL from chancery court of George county.

HON. V. A. GRIFFITH, Chancellor.

Bill by the Martin Oil Company against Jeff Griffis to cancel defendant's alleged title to certain lands, and to quiet and confirm complainant's title thereto. From a decree for the complainant, the defendant appeals. Affirmed.

*E. C. Fisshel* and *O. F. Moss,* for appellant.

*Deny & Heidelberg,* for appellee.

COOK, J., delivered the opinion of the court.

The Martin Oil Company exhibited its bill of complaint in the chancery court of George county against Jeff Griffis, seeking to cancel defendant's alleged title to certain lands, and seeking to quiet and confirm complainant's title thereto, and from a decree in favor of complainant this appeal was prosecuted.

Both appellant and appellee deraign title from a common source, that is to say, the Merrill Land & Improvement Company, a corporation. The appellee claims through a deed from the common source to Nott McInnis, dated December 9, 1904, and by mesne conveyances to itself, while appellant claims through a deed, dated February 6, 1918, from the common· source to W. W. Thomas and R. M. McKay, the president and secretary, respectively, of the grantor, and by prior deed from the said Thomas and McKay to appellant.

Appellee offered in evidence the record of the said deed from the Merrill Land & Improvement Company to Nott McInnis, dated December 9, 1904, and appellant challenged the sufficiency of the acknowledgment thereof to entitle it to record. The chancellor in his written opinion expressly declined to pass upon the question of the sufficiency of this acknowledgment, but.based his decision upon other grounds.

It is the contention of appellant here that the deed from the Merrill Land & Improvement Company, a corporation, is fatally defective in failing to acknowledge that the corporate seal was thereunto attached, and therefore that it was improperly admitted to record, and did not constitute constructive notice to the subsequent purchaser. It is practically admitted in the argument here, as it must be, that if the acknowledgment of this deed is valid, this cause must be affirmed.

The deed in question, omitting the description of the land conveyed, is as follows:

"State of Mississippi, Greene County.

"In consideration of two hundred and fifty dollars the Merrill Land & Improvement Company, a corporation, does hereby remise, release and quitclaim unto Nott Mc-- Innis all of the right, title and interest which it has in and to that certain piece of land. .. . .

"In witness whereof the said Merrill Land & Improvement Company has caused this instrument to be executed by W. H. McIntosh, its president, attested by its secretary

under the seal of the company, this 9th day of December, A. D. 1904.

"MERRILL LAND & IMPROVEMENT COMPANY,

"By W. H. MCINTOSH, President.

"Attest: JOSEPH C. RICH, Secretary. [Seal.]

"State of Alabama, Mobile County.

"Personally appeared before me, Helen H. Smith, a notary public in and for said county and state, the within named W. H. McIntosh, president of the Merrill Land & Improvement Company, who acknowledged that he signed and delivered the foregoing instrument on the day and year therein mentioned.

"Given under my hand and official seal, this the 9th day of December, A. D. 1904. Helen H. Smith, Notary Public, Mobile County, Alabama. [Seal.]"

It will be noted that the *testatum* clause of this deed recites that the instrument is attested by the corporate secretary under the corporate seal, and that the seal is shown by the record to be actually attached thereto, but the president of the company who executed the deed does not acknowledge the sealing thereof. The sole question upon which the decision of this case turns is whether a corporate deed to which the corporate seal is actually attached, but which only acknowledges the signing and delivery thereof, and does not acknowledge sealing, is entitled to be recorded. This court has decided that a deed of a private corporation, to which the corporate seal is not attached, conveys only the equitable title, and cannot be availed of in an action of ejectment (*Littelle* v. *Creek Lumber Co.,* 99 Miss. 241, 54 So. 841; *Hines* v. *Imperial Naval Store Co.,* 101 Miss. 802, 58 So. 650), but it appears that the question now presented has not been heretofore decided.

Section 901, Code of 1906 (section 4073, Hemingway's Code), provides that every corporation created under the chapter on "Corporations" may have a "corporate seal," and may "sell and convey real estate." Section 2766, Code of 1906 (section 2270, Hemingway's Code), provides that

corporations "may convey their lands by and under the corporate seal and the signature of an officer; and such officer signing the same may acknowledge the execution of the deed, or proof thereof may be made as in other cases." Section 2799, Code of 1906 (section 2300, Hemingway's Code), provides a form of acknowledgments for use by individuals, and provides that this form "may be used in the case of conveyances or other written instruments affecting real estate or personal property; and any acknowledgment so taken and certified shall be sufficient to satisfy all requirements of the law," but there is no separate statutory form provided for corporate acknowledgments.

The *testatum* clause of the deed here involved recites, and the record of the deed shows, that the corporate seal was attached thereto, and hence the deed conveyed the legal title and was valid between the parties thereto, and as to all persons having actual notice thereof. Whether the acknowledgment thereof was sufficient to entitle the deed to the recorded, and thus constitute constructive notice, depends upon the construction of our recordation statutes. The rule seems to be universal that such statutes should be liberally construed in order that acknowledgments may be upheld whenever there has been a substantial compliance with the law. At common law there is no particular form for the acknowledgment of an instrument by a corporation, and no particular statutory form is prescribed in this state, and when there is no statutory form of acknowledgment for corporations the form prescribed for natural persons may be pursued.

Section 2799, Code of 1906 (section 2300, Hemingway's Code), prescribing the form of acknowledgment for use by natural persons, and the form for the proof of an instrument by a subscribing witness, provides that these forms may be used in the case of conveyances of real estate, and that any acknowledgment so taken and certified shall be sufficient to satisfy all requirements of law. The acknowledgment of the deed in question is in exact compli-

ance with the form prescribed by this statute, and it sufficiently identifies the official character of the corporate officer who executed the deed, and since this statute provides that any acknowledgment which complies with the form therein prescribed shall be sufficient to satisfy all requirements of law, we have reached the conclusion that the acknowledgment of this deed is sufficient to entitle it to be recorded, and thereby render it constructive notice to appellant.

It follows from the views herein expressed that we concur in the result reached by the learned chancellor, and the cause will be affirmed.

*Affirmed.*