POWERS *v.* INTERSTATE TRUST & BANKING CO. *et al.*

(Division B. Feb. 1, 1932. Suggestion of Error Overruled April 14, 1932.)

[139 So. 318. No. 29787.]

**D. C. Bramlette,** of Woodville, for appellant.

Tucker & Tucker, of Woodville, for appellees.

Green, Green & Jackson, of Jackson, for appellees.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellant, John T. Powers, was appointed receiver of the Eicher-Woodland Lumber Company, Incorporated, a corporation of the state of Louisiana, in a proceeding in that state. Subsequently, he was appointed ancillary receiver by the chancery court of Wilkinson county, Mississippi, for property of said company in the state of Mississippi.

The receiver filed a bill for injunction against the Interstate Trust & Banking Company, and Clay B. Tucker, substituted trustee in a deed of trust executed by the H. B. Curry Lumber Company, Inc., to D. C. Bramlette, trustee, to secure an alleged indebtedness due to the Eicher-Woodland Lumber Company, Inc., which said deed of trust and note securing the same were assigned by Eicher-Woodland Lumber Company, Inc., to the Hill-Powers Finance Company, and assigned by that company to the Interstate Trust & Banking Company to secure

a note due by said finance company to the Interstate Trust & Banking Company.

These transactions occurred prior to the appointment of the receiver.

The Eicher-Woodland Lumber Company having no funds to further finance themselves, the appellant (John T. Powers) was appointed receiver, and applied to the chancery court of Wilkinson county, Mississippi, for leave to file a bill enjoining the sale of property conveyed in the deed of trust by Clay B. Tucker, substituted trustee, and the court granted such leave. Thereupon, the bill in the present case was filed alleging that the deed of trust was void and fraudulent, and that the H. B. Curry Lumber Company did not own the property therein conveyed; and also alleging that the substituted trustee had no power to execute the trust because not lawfully authorized thereunto.

The provision in the deed of trust pertinent to the appointment of the substituted trustee reads as follows: "It is understood and agreed that Eicher-Woodland Lumber Company, Inc., may, at any time, appoint any other person trustee in the place of said D. C. Bramlette, should said D. C. Bramlette not be present or not be willing or not be able to act as trustee, said succeeding trustee to have full power to act as trustee under the foregoing provisions."

The writing undertaking to appoint Clay B. Tucker as substituted trustee reads as follows:

"By virtue of the authority vested in the holder of the note described in a certain chattel mortgage executed by H. B. Curry Lumber Company, Inc., to the Eicher-Woodland Lumber Company, Inc., bearing date of 15th day of November, 1930, which said mortgage is recorded in Chattel Mortgage Record Book No. 65 at page 11, in the Chancery Clerk's office of Wilkinson county, Mississippi. The Interstate Trust and Banking Company, the legal holder of the note described in said

mortgage, hereby appoint and substitute Clay B. Tucker as trustee instead and in place of D. C. Bramlette named in said mortgage.

"Witness the name and seal of the Interstate Trust and Banking Company, signed and affixed by Chas. H. Hogan, its cashier, this the 20th day of January, A. D. 1931.

> "INTERSTATE TRUST & BANKING Co.,
> "Per CHAS. H. HOGAN, Cashier."

It was admitted in the answer to the bill of complaint that there was no notice to D. C. Bramlette, or request to act as trustee, nor was there any recital of his inability, unwillingness, or incapacity to act as such.

The defendants, in answer to the bill of complaint, set up that the Interstate Trust & Banking Company was the holder, in good faith, for value, before maturity, and protected as such, and that if the alleged deed of trust by the H. B. Curry Lumber Company to the Eicher-Woodland Lumber Company, Inc., was void, then that John T. Powers, the person appointed receiver, was an officer and stockholder in each of said companies above mentioned, and the Hill-Powers Finance Corporation, and that he negotiated the loan with the Interstate Trust & Banking Company, and that they relied upon him as to the validity of said instrument because of his connection with said concerns and his reputation as a financier, and that he assured them that these matters had been passed upon by competent lawyers. The defendants, however, denied the allegations with reference to fraud and invalidity of the deed of trust, and prayed for a judgment against John T. Powers, individually, or as receiver, in case the deed of trust was adjudged void.

The cross-bill did not pray in the alternative for the appointment of a trustee by the court to foreclose the deed of trust, nor that there be a foreclosure decree, should it be adjudged that Clay B. Tucker, substituted trustee, was acting without authority.

On the hearing, the case was tried on the bill, answer, and exhibits, motions to dissolve, cross-bill and answer thereto, and proof. There was no preliminary motion to dissolve the injunction. John T. Powers, individually, was not made a party to the suit, nor John T. Powers, receiver.

There was a demurrer to the cross-bill which was sustained, but the injunction was dissolved and three hundred dollars attorney's fees allowed in said decree, and, in addition thereto, five per cent. of the amount of the note given to the Interstate Trust & Banking Company was allowed against the receiver, and Clay B. Tucker was authorized and directed to sell the property embraced in the deed of trust. From this decree this appeal is prosecuted.

We find it necessary only to consider the point in reference to the legality of the appointment of the substituted trustee and his act in reference thereto. From a reading of the power to appoint a trustee above quoted, it will be seen that Eicher-Woodland Lumber Company alone was authorized to make the appointment. No power was conferred upon the assignees, or the holder of the note through assignment, to make such appointment; and, from a reading of the alleged appointment of such substituted trustee by the Interstate Trust & Banking Company, it will be seen that there is no recital of the happening of any event upon which the power could be exercised. And it is admitted in the answer that no such recital was made, and that there was no knowledge upon the part of the Interstate Trust & Banking Company that Bramlette would not, or that he was unwilling, or unable, to act as such trustee. They merely assume that Bramlette would not, or could not, from the fact that he had been appointed agent for the service of process in Mississippi upon the Eicher-Woodland Lumber Company, Inc., and that he had appeared in a proceeding therefor in behalf of said company as an at-

torney. Neither of these things would per se disqualify said Bramlette as a trustee, but, even if they did, the Interstate Trust & Banking Company had no power to appoint a substituted trustee, no such power having been conferred upon it by the instrument, and the right not having passed to it by law under the assignment.

In the case of Guion v. Pickett, 42 Miss. 77, it was said: "In the construction of powers, the intention of the parties, if compatible with law, governs the court. But that intention is to be collected from the instrument creating the power. And with regard to the appointment of a new trustee, the power authorizing it should express plainly the cases in which a new trustee may be appointed, and it should embrace every event that can render such appointment necessary,—such as the neglect or refusal of the trustee to act, his death, absence from the country, wish to retire from the office, or incapacity to discharge its duties. Hill on Trustees, 251. The appointment of a new trustee under a power cannot properly be made, unless the terms of the power clearly and distinctly authorize the appointment in the particular event which may have occurred. In this case, it cannot, with any propriety, be said that Robert A. Clarke, the trustee appoined by the party creating the power, neglects or refuses to execute the trust, and as by the terms of the power there is no other event which would authorize the appointment of a new trustee by the cestui-que trust, we arrive at the conclusion that Jane E. Pickett had no power to appoint James B. Clarke a trustee to execute the trust. But upon the death of the trustee appointed by the party executing the deed of trust, she should have resorted to a court of chancery for the appointment of a new trustee to execute the trust."

This court has uniformly held that the power of appointing a substituted trustee is to be strictly construed. West v. Union Naval Stores Co., 117 Miss. 153, 77 So. 961; Bonner v. Lessley, 61 Miss. 392; and McNeill v. Lee,

79 Miss. 455, 30 So. 821. Many other authorities to the same effect could be cited.

It was error, therefore, for the chancellor to dissolve the injunction sued out, and the judgment of the court below will be reversed and the case remanded to the court below.

Reversed and remanded.