CARR et al. v. MILLER, STATE TAX COLLECTOR.

(Division B. Feb. 29, 1932.)

[139 So. 851. No. 29734.]

**Wm. Hall,** of Memphis, Tenn., **S. C. Broom,** of Jackson, and **Frank L. Reich,** of Louisville, for appellants.

J. H. Sumrall, of Jackson, J. F. Barbour, of Yazoo City, and Magruder, Walker & Magruder, of Starkville, for appellee.

Argued orally by **Wm. Hall** and **S. C. Broom**, for appellant, and by **W. W. Magruder** and **J. F. Barbour**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellant was the tax collector of Winston county for the years 1924 to 1927, inclusive. Shortly after appellant's term expired, appellee, the state tax collector, sent an auditor to make a complete audit of the books and records covering the administration of appellant, as a result of which appellant was discovered, as claimed by appellee, to be short in his accounts with the state and its subdivisions, in the sum, with interest, of fifty-five thousand three hundred nineteen dollars and thirty-three cents. Demand was made for payment, and, the demand being refused, suit was brought, which resulted in a decree in favor of the state tax collector.

When the auditors reached the courthouse to make this audit, they found that many of the books and records used by appellant were missing and it was necessary at great labor and expenditure of time to reconstruct these missing records. Because of the fact, however, that all the assessment rolls were available, together with the

notations made thereon of the number of the tax receipt, penciled opposite each assessment, and in most cases at the time of the collection of the taxes on that assessment, the auditors, with these as a starting point, were able to reconstruct the records of receipts so as to arrive at what the chancellor states in his opinion to have been a just and fairly accurate statement of the sundry itemized balances due by appellant, and thus at the aggregate. The evidence is ample to sustain the conclusion of the chancellor in that respect.

Appellant contends that so many of the records are missing, that a better and more accurate method of arriving at the balance due by him, if any, is to take the entire of the real and personal rolls for those years, calculate the taxes on the several assessments therein at the proper rate according to location in the particular taxing district, and from the grand total thus obtained deduct, first, the insolvency allowances made to him by the board of supervisors under section 3280, Code 1930; and, second, the actual payments made by him to the state and county. By this method appellant contends that at the most he will be shown to be liable in the sum of five thousand two hundred twenty-one dollars and seventy-seven cents instead of the much larger amount demanded by appellee. The state tax collector, the appellee, admits that, if the auditors and the courts are bound by the said insolvency allowances, then the audit made by appellant is substantially correct, and that the liability of appellant would be in the approximate amount last mentioned.

The result of this appeal must turn, therefore, upon the proposition whether the insolvency orders of the board of supervisors made during the years of appellant's incumbency are valid and binding upon auditors, upon officers, and upon the courts. We do not decide whether sections 3279 et seq., Code 1930, providing for the allowance to the tax collector of insolvent delinquent

taxes, is to be considered, in any event, as of any further force than as prima facie correct and as a temporarily available credit in behalf of the county tax collector in making his settlements for the year covered by the insolvent allowances. For the purposes of this case, and for that purpose only, we will consider that the said allowances had all the force of final adjudications so far as past payments were concerned. Nor do we take notice of other apparent defects in the orders of the board of supervisors covering the said insolvent delinquent allowances.

But we are of the opinion that these orders are not available in this case for this reason: The chancellor states in his opinion, in substantial effect, that these orders were entered by the board and these credits were given as a matter of perfunctory routine, the board relying only on the statements of appellant, and without any real and searching investigation on the part of the board as is required by said statutes. The finding of the chancellor on the point just mentioned is sustained by sufficient evidence when this entire record from the beginning to end is considered, and the record considered as aforesaid supports the further conclusion that when these lists of insolvencies and delinquents and the ex parte applications for their allowance were presented to the board by appellant or by the deputy who acted by him, he knew, or should have known by the exercise of that reasonable diligence the duty of which he could not escape under the law, that these lists were not true representations of assessments upon which no taxes whatever had been collected, but, on the contrary, that they were in the nature of approximations at what would be necessary to give him relief against accounting for moneys which he had in fact collected, in considerable part at least, and had not paid over to the proper treasuries. We think, therefore, that there is abundant evidence to sustain the conclusion that there was legal

fraud in the very act of obtaining each of these so-called blanket orders, and it is well settled in this state that fraud in the procurement of a judgment opens it to a collateral attack, as against the person who has thus procured the judgment. The authorities on that subject, are reviewed in McCraney v. Railroad Co., 128 Miss. 248, 257, 90 So. 881, and Weems v. Vowell, 122 Miss. 342, 353, 84 So. 249.

It is true that the chancellor in his written opinion did not in express words place decision upon the precise grounds last named, but it is clear enough, we think, from all he said, that he had this point in mind, and his conclusion upon it was adverse to appellant. But if no mention whatever had been made of this feature in the opinion of the chancellor, this still would not prevent our action on it, since the effect of the decree of the chancellor is to reject these blanket orders or allowances; and, where the decree is supported by the record, this court will affirm, although in whole or in part upon other than the grounds or the exact grounds relied on by the chancellor in his written opinion. Griffis v. Martin Oil Co., 127 Miss. 606, 90 So. 324.

Appellant contends, in this connection, that the state tax collector has not charged him with any fraud in the procurement of these blanket insolvency orders. These orders were not mentioned in the bill, since they were affirmative defenses and belong to an answer. See Grif. Chan. Pr., secs. 327, 360. Strange to say, however, they were not set up or relied on, either in the original or in the amended answer. Consequently, it did not become incumbent upon appellee to make any charge of fraud, in respect to them. It is sufficient, in that state of case, that the facts disclose the fraud, and we think the facts affirmative of that conclusion sufficiently appear in the evidence.

All other questions are upon findings of fact by the chancellor, and are supported by the evidence, whence it follows that we have no power of review of them.
Affirmed.