CHANDLER *et al. v.* BANK OF BROOKSVILLE.

(Division A. Feb. 14, 1938. Suggestion of Error Overruled March 28, 1938.)

[178 So. 797. No. 33027.]

Loving & Loving, of Columbus, for appellants.

L. L. Martin, of Macon, for appellee.

John F. Frierson, of Columbus, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

This is an action in ejectment in which the appellee was the plaintiff in the court below. The appellee purchased

land at a foreclosure sale by a substituted trustee in a deed of trust given the appellee thereon by J. W. Chandler, the then owner of the land, to secure an indebtedness of $685.84. A motion made by the appellee to transfer the case to the chancery court was overruled. The case was then tried, by agreement, without a jury.

As to the motion to transfer, it will be sufficient to say that the case is one of which the circuit court has jurisdiction, but aside from that the overruling of the motion is not reviewable here. Federal Compress & Warehouse Co. v. Coleman, 143 Miss. 620, 109 So. 20.

The appellee's other complaints are:

1. The deed from the substituted trustee to the appellee should not have been admitted in evidence, for the reason that the appointment of the substituted trustee is void, because (1) not made by the appellee bank, but by its president; (2) did not have the appellee's seal affixed thereto; and (3) it does not appear that the land was advertised by the trustee for the time, and in the manner, required therefor.

2. The deed by the substituted trustee was made for a grossly inadequate consideration, and is therefore void.

The appointment of the substituted trustee was made by a recorded instrument reading as follows: "The trustee named in the trust deed from J. W. Chandler to the Bank of Brooksville, and duly recorded in Book III—page 474 Records of Lowndes county, Mississippi, having resigned and refused to act, I, as executive office of the Bank of Brooksville do by these presents for and on behalf and as the act of the said Bank of Brooksville, do hereby appoint T. J. Wilkins, Jr., Substituted Trustee to act in the place and stead of E. C. Halbert and hereby clothe the said substituted trustee with all the power and authority vested in the said trust deed. Witness the signature of the executive office of the said Bank under the corporate seal of said Bank, this June 30th, 1921. Bank of Brooksville, by G. T. Heard, President."

This instrument was valid, though not under seal, and made by the president of the bank; Brown v. British American Mortg. Co., 86 Miss. 388, 38 So. 312, without an order of the directors directing him to do so; Allen Gravel Co. v. Nix, 129 Miss. 809, 93 So. 244. Moreover, this act of the president has been ratified by the bank by its claiming the property through the instrument, c.f. Metzger v. Southern Bank, 98 Miss. 108, 54 So. 241.

The deed of trust requires the trustee therein to give "twenty-one days' notice of the time, place, and terms of sale," as required by law. Under section 2167, Code 1930, the sale of lands under a deed of trust must "be advertised for three consecutive weeks preceding such sale, in a newspaper published in the county, or, if none is so published, in some paper having a general circulation therein, and by posting one notice at the courthouse of the county where the land is situated, for said time." The substituted trustee's deed recites that he "did on the 8th day of December, 1926, give notice of the time, place and terms of sale by posting a notice thereof at the courthouse door of Lowndes county, Mississippi, and by advertising said sale in 'The Daily Discoverer,' a newspaper published in the city of Columbus, Lowndes county, Mississippi, for the length of time as required by law." A deed made by a trustee will be presumed, prima facie, to have been made after compliance with its requirements of notice, of time, place, and terms of sale; Graham v. Fitts, 53 Miss. 307; Tyler v. Herring, 67 Miss. 169, 6 So. 840, 19 Am. St. Rep. 263; McCaughn v. Young, 85 Miss. 277, 37 So. 839, unless it appears from the recitals in the deed that he did not observe these requirements, Jones v. Frank, 123 Miss. 280, 85 So. 310. The objection to the recitals in this trustee's deed is that while it recites that the notice was published "for the length of time as required by law," it does not recite that it was published weekly, as required by law. This recital does not negative weekly publications, and in the absence of evidence

that the publication was not so made, the presumption that it was prevails.

Assuming, but merely for the purpose of the argument, that a sale of land by a trustee in a deed of trust for a wholly inadequate consideration would avoid the sale in a court of law, no such fact appears here. The land was sold for $125, but no evidence was offered as to its value when sold, nor does its quantity or quality appear.

Affirmed.