ADAMS *et al. v.* ST. CLAIR *et ux.*

(Division B.   April 24, 1939.)

[188 So. 559.   No. 33680.]

**J. Thomas Dunn,** of Jackson, for appellants.

Guy Mitchell, Jr., of Tupelo, for appellees.

Argued orally by **J. Thomas Dunn**, for appellants.

**McGehee, J.**, delivered the opinion of the court.

The question presented for decision on this appeal is whether or not W. A. Blair, State Manager of the Appellant Home Owners' Loan Corporation, an instrumentality of the United States created under an Act of Congress, known as the Home Owners' Loan Act of 1933 (48 Stat. 128, 12 U. S. C. A., section 1461 et seq.) was vested with authority to appoint a substituted trustee, pursuant to a resolution passed by the board of directors of said corporation undertaking to authorize him to execute, under the corporate seal, the appointment of substituted trustees when necessary or proper in deeds of trust in force in this state, where such deeds of trust provide that: ''The Corporation, its successors or as-

signs, or any subsequent holder of the note, the payment of which is hereby secured, may revoke the authority of any trustee and appoint another in his place at any time.''
، It will be noted from the above quoted provision of the deed of trust that there was no personal discretion to be confided to any particular person in the matter of the appointment of a substituted trustee, since any successor or assign of the corporation, or any subsequent holder of the note, was authorized to make such appointment. West v. Union Naval Stores Company, 117 Miss. 153, 77 So. 961. If it should be contended that a trust and confidence was reposed in the board of directors, because of its personnel at the time of the execution of the deed of trust, and that the board of directors, through whom a corporation acts as its governing body, must itself make the selection and appointment of a substituted trustee, the answer is that the personnel of such boards may constantly change, and that the power might thereby become entirely lost. The doctrine of delectus personae (which, as was said by way of dicta in the case of Allen v. Alliance Trust Company, 84 Miss. 319, 36 So. 285, ''vitalizes this whole doctrine of special confidence and trust, properly enough applies to the selection of a natural person in whose integrity and confidence the donor of a power may confide, because he knows the donee to be of such honor as to specially fit him for the trust'') should have no application to a corporation, since the grantor does not give the power to the corporation under the influence of the delectus personae doctrine. Moreover, it was held in the case of Chandler et al. v. Bank of Brooksville, 181 Miss. 529, 178 So. 797, that where a bank was beneficiary in a deed of trust and the substituted trustee was appointed by the president of the bank, without an order of the board of directors authorizing him to do so, the appointment was valid; and the effect of which holding of the court is that the power of appointment is not necessarily and in all events vested in the board of directors merely because the power

is given to the corporation by name. In that case the court, after holding the appointment valid, observed that the act of the president was also ratified by the bank by its claiming the property sold pursuant thereto. Likewise, in the case at bar, when the appellees obtained a writ of injunction to prevent a foreclosure on the sole ground that the appointment of the substituted trustee, who had advertised for sale the land involved herein, was void, the appellant corporation ratified the appointment made by its state manager, W. A. Blair, by appearing before the chancellor and moving to dissolve the injunction so as to permit the sale to be made at the time stated in the notices of sale by the substituted trustee so appointed.

It is conceded by counsel that the precise question here involved has never been decided in this state. However, we find that the question was decided in favor of the validity of an appointment made under the identical form of resolution adopted by the board of directors of this corporation, authorizing a regional manager thereof to select and appoint a substituted trustee in the case of Helms et ux. v. Home Owners' Loan Corporation, 129 Tex. 121, 103 S. W. (2d) 128. The well reasoned opinion of the Supreme Court of Texas in that case we think fully answers the argument made against the validity of the appointment of the substituted trustee in the case at bar.

The hearing on the motion to dissolve the injunction having been treated by agreement of the parties as a final one, and the default in the payment of the indebtedness having been shown by an agreed statement of facts, which statement also embraced the resolution of the board of directors authorizing the appointment of the substituted trustee and showed the making of such appointment by the state manager, as well as the due recordation thereof, the injunction should have been dissolved and the sale allowed to proceed as advertised.

Reversed and remanded.