LAIRD, et al. *v.* BETHEA, et al.

Oct. 6, 1952

No. 38470      2 Adv. S. 33      60 So. 2d 526

*R. C. Russell* and *B. C. Little,* for appellants.

*Beard, Pack & Ratcliff,* for appellees.

ETHRIDGE, J.

The question is here presented of whether an assignee-beneficiary of a deed of trust has the power to substitute a trustee where the deed of trust provides that substitution can be made by the named, original beneficiary "or his legal representative."

In September, 1939, appellants R. B. Laird and wife executed a deed of trust to Percy Oswalt as beneficiary, with O. O. Weathersby as trustee, securing a debt of $230.50 with a mortgage on 260 acres of land in Smith County. That instrument provided that upon default the trustee could take possession of the property and sell it, "and said Percy Oswalt or his legal representative, can at any time he may desire, appoint a trustee in place of O. O. Weathersby or any succeeding trustee". In November, 1939, Oswalt assigned the deed of trust and note to W. D. Bethea, appellee and defendant below. In December, 1941, Bethea executed a substitution and appointment of a new trustee, Tullos. However in May, 1942, after default by appellants the original trustee, Weathersby, advertised, foreclosed, and executed a trustee's foreclosure deed to Bethea. There was no attempt by Bethea to remove Tullos as substituted trustee prior to this sale, and no attempt to reappoint Weathersby.

Appellants seek to cancel that trustee's deed on the grounds that the substitution of trustee by Bethea was a proper exercise of the quoted power in the deed of

trust, and that therefore Weathersby was no longer the trustee when he tried to foreclose. Appellee Bethea contends that the attempted substitution of trustee was invalid because under the quoted provision in the deed of trust the assignee-beneficiary, Bethea, had no power to make the substitution, and that hence Weathersby was still the trustee when he foreclosed in May, 1942. This issue was raised by a general demurrer of appellee to the bill of complaint. The Chancery Court of Smith County sustained that demurrer, and appellants not asking for leave to amend, the bill was finally dismissed with prejudice.

This action of the trial court was proper under recognized limitations upon the power to substitute a trustee, and the case of Fuller v. Davis, 63 Miss. 78 (1885). There the assignee of a note and deed of trust securing the same contended that he was authorized to appoint a new trustee by a provision empowering the original beneficiaries ''or their legal representatives'' to appoint a substitute trustee. The court through Judge Campbell held that **(Hn 1)** ''The assignee of the note was not the 'legal representative' of the payees, so as to be entitled to substitute a trustee under a provision in a deed of trust authorizing the payees 'or their legal representatives' to appoint another trustee. An assignee claims in his own right, and not in a representative character.''

This case is in point and sound, and especially so because of **(Hn 2)** the general rule that there can be no right in a party to appoint a substitute trustee except by express provision of the deed of trust, in the absence of which no one but the court may make the appointment. Anno., 98 A. L. R. 1144; Powers v. Interstate Trust and Banking Co., 163 Miss. 30, 139 So. 318 (1932). The power to substitute a trustee is personal and confidential and must be specifically granted. Clarke v. Wilson, 53 Miss. 119, 127 (1876). It has been said often that the express authority to appoint a substitute trustee must be stated clearly and plainly. Webb v. Biles, 192 Miss. 474, 6 So.

2d 117 (1942). With these attitudes of interpretation in mind, we think that Fuller v. Davis, supra, was properly decided and is controlling here. **(Hn 3)** Although the phrase "legal representative" has been construed to have varied meanings according to different contexts, 52 C. J. S., pp. 1039-1042, when it is used in a deed of trust as expressive of a power to substitute a trustee, it is relatively narrow in meaning, under Fuller v. Davis, encompassing primarily its legal significance, and not including an assignee or grantee.

The following cases involve interpretations of this phrase in entirely different frames of reference and are not applicable to the present facts: Grand Gulf Railroad and Banking Co. v. Bryan, 8 S. & M. 234 (Miss. 1847) (statutory interpretation in land pre-emption law); Allen v. Alliance Trust Company, 84 Miss. 319, 36 So. 285, (1904) (attorney in fact of corporate beneficiary is not "legal representative"); Y. & M. V. R. R. Co. v. Washington, 92 Miss. 129, 45 So. 614 (1907) (phrase "legal or personal representative" in Miss. Const. Sec. 193 includes heirs of deceased who sued for wrongful death); Stringer v. Price, 143 Miss. 189, 108 So. 431 (1926) (liquidating agent of insolvent bank is legal representative of bank, he representing the bank itself).

Affirmed.

*Roberds, P. J., Alexander, Kyle* and *Holmes, JJ.,* concur.