481 So.2d 329 (1985)
Roger WHITE and Joyce White
v.
DELTA FOUNDATION, INC., Lester F. Smith, William A. Murrain and Michael Espy.
No. 55149.
Supreme Court of Mississippi.
December 18, 1985.
Rehearing Denied January 15, 1986.
*330 David A. Bowers, Thomas, Price, Alston, Jones & Davis, and Lester F. Smith, Perry, Morrison & Smith, Jackson, for appellants.
Before PATTERSON, C.J., and HAWKINS and ROBERTSON, JJ.
HAWKINS, Justice, for the Court:
Roger White and wife Joyce Y. White appeal from a final decree of the Chancery Court of Madison County sustaining a demurrer to their bill of complaint filed against Delta Foundation, Inc., and its trustees under a deed of trust, and dismissing the bill. The bill of complaint challenged the validity of a foreclosure. Finding the bill of complaint stated a cause of action, we reverse.

FACTS
On June 14, 1977, Roger and Joyce Y. White executed a deed of trust to John Nichols, trustee for Delta Foundation, Inc., a non-profit corporation with principal offices in Washington, but domiciled in this state, to secure a principal debt of $5,000, evidenced by a promissory note payable in monthly installments of $115.15 each, beginning July 15, 1977. The deed of trust covered a house and lot in Madison County.
The Whites defaulted and Delta Foundation foreclosed. Before instituting foreclosure proceedings the following substituted trustee appointment was filed and recorded on the land deed records of Madison County:
APPOINTMENT OF SUBSTITUTE TRUSTEE
UNDER AND BY VIRTUE of the authority vested in the undersigned mortgagee, DELTA FOUNDATION, INC. OF GREENVILLE, MISSISSIPPI, by that certain deed of trust hereinafter listed, the aforesaid mortgagee, acting by and through its duly authorized officer, KEITH EARLY, General Counsel, does hereby nominate and appoint WILLIAM A. MURRAIN as Substitute Trustee in the hereinafter listed deed of trust, with full power to act in the place and stead of the original trustee therein named, to-wit:
"Deed of Trust from Roger White et ux Joyce Y. White to John Nichols, Trustee for Delta Foundation, Inc., dated December 22, 1977 and recorded in Book 470 at page 564."
The above listed deed of trust is on file and of record in the office of the Chancery Clerk of Madison County at Canton, Mississippi.
WITNESS THE SIGNATURE AND SEAL OF STATE MUTUAL FEDERAL SAVINGS AND LOAN ASSOCIATION, Jackson, Mississippi, hereto affixed on the 19th day of September, 1980.
 DELTA FOUNDATION, INC.
 BY: /s/ Keith Early
 KEITH EARLY
 ATTEST:
 ____
 STATE OF MISSISSIPPI
 COUNTY OF HINDS. . . . .
PERSONALLY appeared before me, the undersigned authority in and for the jurisdiction aforesaid, the within named KEITH EARLY, who acknowledged that he signed and delivered the above and foregoing instrument of writing on the day and in the year therein mentioned.
*331
 /s/ Dawn E. Sutton
 NOTARY PUBLIC
 (SEAL)
 MY COMMISSION EXPIRES:
 OCTOBER 23, 1983
 STATE OF MISSISSIPPI, COUNTY OF
 MADISON
I, BILLY V. COOPER, Clerk of the Chancery Court of said County, certify that the within instrument was filed for record in my office this 21 day of October, 1980 at 4:25 o'clock P.M. and was duly recorded on the 22 day of October, 1980 Book No. 476 Page 639 in my office.
WITNESS my hand and seal of office, this the 22 day of October, 1980.
 BILLY V. COOPER, CLERK
 BY /s/ N. Wright
 Lot 23 Gatewary North (I)
[R. 14-15]
There was a foreclosure and a substitute trustee's deed executed by William A. Murrain to one Michael Espy of Jackson.
The Whites employed counsel, efforts were made to "redeem" the property, and claims were made that the first foreclosure was fatally defective. Apparently, Delta Foundation agreed, because another foreclosure proceeding was begun by another substituted trustee, but later abandoned, and Delta Foundation chose to stand on the first foreclosure.
The Whites filed their bill of complaint in the Chancery Court of Madison County challenging the validity of the foreclosure, asserting inter alia, the substitution of trustee was fatally defective. We agree.
The deed of trust expressly gave Delta Foundation the right to appoint a substitute trustee, without which Delta Foundation would have had no authority to do so. Webb v. Biles, 192 Miss. 474, 6 So.2d 117 (1942); Laird v. Bethea, 215 Miss. 64, 60 So.2d 526 (1952). This power is strictly construed. Powers v. Interstate Trust & Banking Co., 163 Miss. 30, 139 So. 318, 320 (1932); West v. Union Naval Stores Co., 117 Miss. 153, 77 So. 961 (1918). In this case the deed of trust had the following provision:
The legal holder of any of the indebtedness secured hereby, whoever, it may be, may at any time appoint another person or a succession of persons to advertise and sell the property herein conveyed and carry out the further provisions of this trust in the place and stead of the Trustee herein named, and such other person or persons, when so appointed, shall have the power to do everything which this instrument expressley [sic] or impliedly authorizes the Trustee herein named to do.
[R. 9-10]
Miss. Code Ann. § 89-5-45, the statute authorizing substitution of trustees in deeds of trust, is as follows:
§ 89-5-45. Substitution of trustee must appear of record.
Sales of land made under deeds of trust by substituted trustees shall not convey the interest of the grantor or grantors therein, but shall be absolutely null and void, both at law and in equity, unless the substitution shall appear of record in the office of the chancery clerk of the county where the land is situated, and unless it shall so appear by being actually spread at large upon the record before the first advertisement or notice of sale shall have been posted or published; the filing for record or lodging with the clerk not being sufficient. Such substitution, however, may so appear by a separate instrument recorded as above set out in all respects, or a copy of such substitution may be recorded as above set out. [Emphasis added]
Delta Foundation had the authority to designate an agent for substituting a trustee. See: Adams et al v. St. Clair, 185 Miss. 416, 188 So. 559 (1939); Chandler v. Bank of Brooksville, 181 Miss. 529, 178 So. 797 (1938). It would have been subject to proof that Keith Early had such authority from Delta Foundation.
This appointment of substituted trustee is woeful draftsmanship. The final paragraph states it is "State Mutual Federal Savings & Loan Association" making the substitution. The instrument, however, *332 purports to be executed by Delta Foundation. The signature is ambiguous; headed "DELTA FOUNDATION," and with a signature "Keith Early," who does not designate whether he signs as agent or in his own individual capacity. The acknowledgment which follows is a personal acknowledgment, not a corporate acknowledgment, nor as agent and attorney for the corporation. Moreover, the notarization contains no final paragraph or date.
WHY APPOINTMENT DEFECTIVE
What is an acknowledgment?
1 C.J.S. Acknowledgments, § 1 headnote states:
An acknowledgment in its technical legal sense is a formal declaration before a proper officer that an instrument is the act or deed of the person executing it. [Emphasis added]
1 Am.Jur.2d Acknowledgments, § 1 states:
... It is a public declaration or formal statement of the person executing an instrument made to the official authorized to take the acknowledgment, that the execution of such instrucment was his free deed and act. [Emphasis added] Miss. Code Ann. § 89-1-21 states:
* * * * * *
Any private corporation may convey lands by a conveyance signed in its name by an officer or by an authorized agent or attorney in fact; and such officer, agent or attorney in fact signing the same may acknowledge the execution of the conveyance, or proof thereof may be made as in other cases. The absence of the corporate seal shall not affect the validity of a conveyance by a private corporation so executed.
Miss.Code Ann § 89-3-1 provides that an instrument which has not been duly acknowledged shall not be admitted to record, and if it is, it does not constitute notice. Miss.Code Ann § 89-3-7 is the statutory form of acknowledgment in this state for natural persons. There is no form prescribed for corporations.
Early's authority to appoint a substituted trustee had to be expressly granted to him by Delta Foundation, speaking in the only way a corporation can, through its official minutes. Simply as general counsel he had no implied authority to do so. This is elementary corporate law.
The appointment of a substituted trustee was the act and deed of Delta Foundation, acting by and through Early, its duly authorized agent.
The acknowledgment in this case should have stated that Early signed and delivered the document for and on behalf of Delta Foundation, and as its act and deed, after first being duly authorized by the corporation to do so. He simply acknowledged he signed it as an individual. Furthermore, his signature to the body of the instrument fails to note he signed as general counsel, although it does state "DELTA FOUNDATION, INC."
This document was patently defective.
Delta Foundation calls our attention to Griffis v. Martin Oil Co., 127 Miss. 606, 90 So. 324 (1921), a case in which this Court considered the validity of an acknowledgment to a deed by a corporation executed many years before a suit to quiet and confirm title. The entire deed read:
State of Mississippi, Greene County.
In consideration of two hundred and fifty dollars the Merrill Land & Improvement Company, a corporation, does hereby remise, release and quitclaim unto Nott McInnis all of the right, title and interest which it has in and to that certain piece of land... .
In witness whereof the said Merrill Land & Improvement Company has caused this instrument to be executed by W.H. McIntosh, its president, attested by its secretary under the seal of the company this 9th day of December, A.D. 1904.
 MERRILL, LAND &
 IMPROVEMENT COMPANY,
 By W.H. McIntosh, President.
 Attest: Joseph C. Rich, Secretary.
[Seal.]
State of Alabama, Mobile County

*333 Personally appeared before me, Helen H. Smith, a notary public in and for said county and state, the within named W.H. McIntosh, president of Merrill Land & Improvement Company, who acknowledged that he signed and delivered the foregoing instrument on the day and year therein mentioned.
Given under my hand and official seal, this the 9th day of December, A.D. 1904. Helen H. Smith, Notary Public, Mobile County, Alabama. [Seal.]
127 Miss. at 607-608, 90 So. 324.
As to the acknowledgment, this Court stated:
... Whether the acknowledgment thereof was sufficient to entitle the deed to the recorded, [sic] and thus constitute constructive notice, depends upon the construction of our recordation statutes. The rule seems to be universal that such statutes should be liberally construed in order that acknowledgments may be upheld whenever there has been a substantial compliance with the law. At common law there is no particular form for the acknowledgment of an instrument by a corporation, and no particular statutory form is prescribed in this state, and when there is no statutory form of acknowledgment for corporations the form prescribed for natural persons may be pursued. Section 2799, Code of 1906 (section 2300, Hemingway's Code) [now Miss. Code Ann. § 89-3-7], prescribing the form of acknowledgment for use by natural persons, and the form for the proof of an instrument by a subscribing witness, provides that these forms may be used in the case of conveyances of real estate, and that any acknowledgment so taken and certified shall be sufficient to satisfy all requirements of law. The acknowledgment of the deed in question is in exact compliance with the form prescribed by this statute, and it sufficiently identifies the official character of the corporate officer who executed the deed, and since this statute provides that any acknowledgment which complies with the form therein prescribed shall be sufficient to satisfy all requirements of law, we have reached the conclusion that the acknowledgment of this deed is sufficient to entitle it to be recorded, and thereby render it constructive notice to appellant.
127 Miss. at 611-612, 90 So. 324.
Delta Foundation argues Griffis mandates our holding that the acknowledgment in this case was sufficient. We cannot agree.
In the first place, it should be noted that there is no ambiguity in the face of the deed in Griffis; it is executed by its president and secretary under corporate seal. Furthermore, the acknowledgment clearly identifies the official character of W.H. McIntosh as president executing the deed. These elements are lacking in this case, and the final paragraph of the notarization is likewise missing.
Moreover, while the general form of the statute may be followed, we hold that any official acknowledgment for public record of a corporate document should in some manner make it clear that it is the corporation executing the instrument by and through an authorized officer, officers, or agent.[1]
A liberal interpretation of acknowledgments encompasses examination of the body of the instrument itself, and an acknowledgment will not necessarily be deemed fatal for an omission which can be supplied from the body of the instrument *334 itself. See: 1 Am.Jur.2d Acknowledgments, § 43, and cases cited thereunder. In Griffis, supra, the body of the instrument made it clear it was the act and deed of the corporation. In this case the body of the instrument is ambiguous and uncertain. From the body of the instrument it could be State Mutual Federal Savings and Loan Association of Jackson, as well as Delta Foundation, which was executing the instrument.
It is also relevant to note that in a foreclosure proceeding the need to meet statutory and legal requirements has important additional imperatives than an ordinary case. It is not a voluntary act of all parties involved in the transaction. It is not a private transaction, but a public one, in which any person interested is invited to participate. It is well to quote at some length from this Court, speaking through Justice Griffith, in Federal Land Bank v. Collom, 201 Miss. 266, 28 So.2d 126, 127-128 (1946):
... We must have recourse to general rules, one of which is that the provisions of a deed of trust as to the manner and form of the execution of the instrument by which the substitution of trustee is made must be strictly complied with, 37 Am.Jur. at p. 445, annotations 98 A.L.R. 1157, and the other, a fundamental principle, that the relationship between mortgagor and mortgagee is one of trust and is such that neither shall so conduct himself in regard to the mortgage or the mortgaged property as to prejudice the substantial rights of the other. Meyers v. American Oil Co., 192 Miss. 180, 187, 5 So.2d 218.
A consequent obligation on the part of the mortgagee is that in the steps taken by him in the process of foreclosure under power of sale, including of course any substitution of trustee, he shall exercise due care to see to it that the course pursued shall be reasonably free from any such action as would be liable to deter any of those who would become bidders at the foreclosure sale or to depress the offers of those who bid, and when we consider what would be likely to deter or depress we must look to the average man of intelligent business discretion, not to what would deter or depress one skilled in the law and in the unraveling of legal instruments, if and when the latter were acting for himself and not for others. If the average person were obliged first to consult an attorney before deeming himself justified in appearing as a bidder or in offering a full price this in itself, as to property of small value, such as the property in this case, would become a substantial deterrent so far as the interests of the mortgagee is concerned, and if this has been brought about by the purpose or carelessness of the mortgagee, a remedy against it should be furnished by not allowing the sale to stand.
... The inquiry becomes, rather, what would a layman of average intelligence and business prudence on making an examination of the instrument purporting to make the substitution of trustee, and the record to which it made reference, have concluded as to the safety of a venture by him as a bidder for the property and this at full price? Would he not rather have declined the venture until he first went to see his lawyer and even then would not a competent legal consultant of average caution have advised that a purchaser at the foreclosure sale would be in danger of buying also a lawsuit? [Emphasis added]
See also, Griffin v. Land, 214 Miss. 557, 59 So.2d 290, 293-294 (1952); and Seal v. Anderson, 235 Miss. 249, 108 So.2d 864, 866-867 (1959).
Any rational prospective bidder who read the body of this document would find himself bemused by its contradiction. Which corporation was executing it? If he employed counsel to check the record and foreclosure proceedings, it is an affront to the competence of our state bar to suggest any attorney would advise him to offer a bid at the sale.
Because of the defects in this document, including the acknowledgment, we hold it *335 was not entitled to be recorded, and that it furthermore would have deterred prospective bidders. This Court is not going to lend its hand encouraging this kind of inferior draftsmanship.
Delta Foundation takes the position that Miss. Code Ann. § 89-3-1 dealing with recording instruments applies only to the sale of land. We disagree. In any instrument which will affect title to real property, which includes a substitution of trustee, we hold Miss. Code Ann. § 89-3-1 applies. To hold otherwise would emasculate the purpose of the recordation statute as well as our law pertaining to foreclosure of realty at public auction.
The parties are in chancery court, and upon remand, by proper pleadings the chancellor can see that all parties are protected, and a valid foreclosure consummated if one is authorized.
In view of our decision, we are relieved to find no need to address the validity of the trustee's deed.
We hold that the bill of complaint with the attached exhibits states a valid cause of action for the reason stated, and do not address other errors assigned.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, and SULLIVAN, JJ., concur.
ANDERSON, J., not participating.
NOTES
[1] A sample of corporate acknowledgment which clearly would meet the test is as follows:

Personally appeared before me, the undersigned authority in and for the said County and State, within my jurisdiction, the within named AB and CD, who acknowledged that they are President and Secretary, respectively of X, a Mississippi Corporation, and that for and on behalf of the said corporation, and as its act and deed, they signed, sealed and delivered the above and foregoing ____ for the purposes mentioned on the day and year therein mentioned, after first having been duly authorized by said corporation so to do.
Given under my hand and official, seal, etc.