PITTMAN, Justice,
for the Court:
W.H. Thames appeals the grant of summary judgment dismissing his complaint and the denial of his motion for summary judgment. Robert E. Moody and Bernice Passons Moody executed a deed of trust, as grantors, to Craig A. McDowell, trustee for Jackson Production Credit Association, n/k/a First South Production Credit Association (PCA), beneficiary. Craig A. McDowell, an employee and officer of PCA, as a notary, took the acknowledgment of an officer of PCA, the beneficiary, in a “Substitution of Trustee” document by which Jim B. Tohill was named trustee as a substitute for Craig A. McDowell. Chancellor Isaac Byrd held the substitution valid by a narrow, yet correct, interpretation of Miss. Code Ann. § 25-33-21 (1972). Because the chancellor properly interpreted and applied the law, we affirm.
I.
The deed of trust executed by the Mood-ys on January 23,1981, covered forty acres of land and a Vi6th mineral interest thereunder in the Second Judicial District of Hinds County, Mississippi. On August 5, 1982, R.W. Slay, vice president of PCA, signed a “Substitution of Trustee” substituting Jim W. Tohill in place of Craig A. McDowell. McDowell, as a notary public, acknowledged the signature of Slay on behalf of PCA. At the time of the acknowledgment, McDowell was an officer of PCA and was the trustee in the deed of trust in which a trustee was being substituted. On the same day, August 5, 1982, the document, “Substitution of Trustee” was filed in the chancery clerk’s office in Raymond, Mississippi.
The Moodys defaulted, and on September 7, 1982, the substituted trustee (Tohill) conducted a foreclosure sale. PCA purchased the property at foreclosure. By “Substituted Trustee’s Deed” dated September 7, 1982, PCA was conveyed the entire property, both surface and minerals. After PCA executed various conveyances of the surface and various oil, gas and mineral leases of the mineral interests, PCA obtained a deficiency judgment against the Moodys.
Thames pointed out an alleged defect in the title to the Moodys, and by agreement obtained a quitclaim deed dated November 2, 1987, from them of all their right, title and interest in the property. On January 22, 1988, Thames filed a complaint against PCA and all those claiming title by virtue of the foreclosure and Substituted Trustee’s Deed. Thames filed a motion for summary judgment, and PCA and others in opposition, filed motions for summary judgment. All motions for summary judgment were heard in joint argument before the chancellor, who at the conclusion of the argument rendered his decision. The court, in a detailed Findings of Fact and Conclusions of Law, granted PCA’s amended motion for summary judgment and entered judgment in favor of PCA and all other Defendants. The Chancellor concluded that McDowell, the trustee, was not a party to the Substitution of Trustee, and that McDowell was qualified to take the acknowledgment under Miss.Code Ann. § 25-33-21 (1972). He reasoned since the acknowledgment was not defective, the Substitution of Trustee was also valid as was the foreclosure and the Substituted Trustee’s Deed. The chancellor denied Thames’ motion for summary judgment on the same reasoning.
II.
Thames contends that the Chancellor erred in determining that McDowell’s acknowledgment on the Substitution of Trustee document was valid. Miss.Code Ann. § 25-33-21 (1972) provides:
It shall be lawful for any notary public who is a stockholder, director, officer, or employee of a bank or other corporation to take the acknowledgment of any party to any written instrument to or by such corporation, or to administer an oath to any other stockholder, director, officer, *210 employee, or agent of such corporation, or to protest for nonacceptance or nonpayment bills of exchange, drafts, checks, notes, and other negotiable instruments which may be owned or held for collection by such corporation; provided, it shall be unlawful for any notary public to take the acknowledgment of an instrument by or to a bank or other corporation of which he is a stockholder, director, officer, or employee, where such notary is a party to such instrument, either individually or as a representative of such corporation, or to protest any negotiable instrument owned or held for collection by such corporation, where such notary is individually a party to such instrument.
Absent a valid acknowledgment, the Substitution of Trustee document is not recordable on the land deed record rendering all subsequent action beginning with the substituted trustee’s foreclosure and all following conveyances void. Miss.Code Ann. § 89-3-1 (1972) provides:
Except in cases governed by the Uniform Commercial Code or otherwise specially provided for by law, a written instrument of or concerning the sale of lands, whether the same be made for passing an estate of freehold or inheritance, or for a term of years, or for any other purpose, or any writing conveying personal estate, shall not be admitted to record in the clerk’s office unless the execution thereof be first acknowledged or proved, and the acknowledgment or proof duly certified by an officer competent to take the same in the manner directed by this chapter; and any such instrument which is admitted to record without such acknowledgment or proof shall not be notice to creditors or subsequent purchasers for valuable consideration.
In Mills v. Damson Oil Corp., 686 F.2d 1096 (5th Cir.1982), the Fifth Circuit interpreted this Court’s holdings in Jones v. Porter, 59 Miss. 628 (1882) and Wasson v. Connor, 54 Miss. 351 (1877), as follows:
[T]he taking of an acknowledgment is a judicial or quasi-judicial rather than a ministerial act, and ... this act cannot be performed by a grantee in the deed, or by one who, though not a grantee, is the procuring cause of the conveyance or has a financial or beneficial interest in the transaction.
Mills, 686 F.2d at 1102-03 (emphasis added).
In a deed of trust, legal title is vested in the trustee. Wansley v. First Nat’l Bank of Vicksburg, 566 So.2d 1218, 1223 (Miss.1990).
The problem is that the typical secured land transaction bears at best a superficial analogy to a trust. The underlying reality is that the deed of trust under our law is little more than a common law mortgage with a power to convey in the event of default. The trustee is little more than an agent, albeit for both parties, and the writing prescribes his duties, (citations omitted)

Id.

As pointed out by Chancellor Byrd, however, the instrument in question is not the deed of trust, but the Substitution of Trustee document. The deed of trust explicitly gives PCA the sole authority to substitute a trustee without giving notice to the Moodys or to McDowell. Without such language, PCA has no authority to make a substitution. White v. Delta Foundation, Inc., 481 So.2d 329, 331 (Miss.1985). Consequently, neither the signature of either of the Moodys nor that of McDowell, as parties to the deed of trust, is required on the Substitution of Trustee document. Thus, PCA is the only party necessary to give effect to a substitution.
The purpose of Miss.Code Ann. § 25-33-21 is to prevent fraud by maintaining an impartial relationship between the notary and the parties to the document. Mills, 686 F.2d at 1103. It is paramount that McDowell does not benefit from the substitution. It is also paramount that McDowell has done nothing in conflict with his duty or responsibility as trustee. PCA has the right to make a substitution regardless of whether or not McDowell approves of the substitution. Since McDowell is not a party to the Substitution of *211 Trustee document and has no beneficial interest in such substitution, his acknowledgment of same is not prohibited by Miss. Code Ann. § 25-33-21.
There being no genuine issue of material fact, the Chancellor’s decision to grant PCA’s amended motion for summary judgment and to deny Thames’ motion for summary judgment is hereby affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, BANKS and McRAE, JJ., concur.
PRATHER, J., not participating.