# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

No. 05-6003EA

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Rick's Auto Outlet of Monticello, LLC, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| | * | Appeal from the United States |
| Renee Williams, | * | Bankruptcy Court for the |
| | * | Western District of Arkansas |
| Plaintiff - Appellant. | * | |
| | * | |
| v. | * | |
| | * | |
| Wells Fargo Financial Mississippi 2, | * | |
| Inc. and Joseph Pieroni, | * | |
| | * | |
| Defendants - Appellees. | * | |
| | * | |

Submitted: July 7, 2005
Filed: July 21, 2005

Before SCHERMER, FEDERMAN, and MAHONEY, Bankruptcy Judges.

MAHONEY, Bankruptcy Judge.

This is an appeal from an order of the bankruptcy court of February 9, 2005, denying the Chapter 7 trustee's complaint to avoid a lien on real property. For the reasons stated below, we reverse.

Background

The debtor, Rick's Auto Outlet of Monticello, ARkansas (the LLC), owned real property in Monticello, Arkansas. A married couple, who were members of the LLC, subsequently executed a deed of trust on property they owned as individuals and on the property owned by the LLC. The deed of trust was signed by them individually, and the acknowledgment identified them individually but not as members of the LLC, and in fact contained no mention of the LLC.

The trustee argued that the acknowledgment on the deed of trust was improper under Arkansas law and the deed was therefore avoidable. The bankruptcy court, applying an Arkansas statute which provides that any instrument acknowledged outside the state of Arkansas is valid if the acknowledgment complies with the laws of the state in which it was executed, found that Mississippi law applied to the issue because the acknowledgment was executed in Mississippi.

The form of the acknowledgment does not comply on its face with the Mississippi statute governing acknowledgments. However, the bankruptcy court read Mississippi caselaw to hold that strict compliance with the acknowledgment statute is not required. Instead, the acknowledgment must simply convey the fact that the person executing the deed did so of his or her own free will. The court held that the body of the deed of trust at issue contained all the necessary information to find that the owners voluntarily mortgaged the land and signed the deeds of trust on their own behalf and on behalf of the debtor LLC.

2

The trustee agrees that Mississippi law governs the validity of the acknowledgment, but argues on appeal that Arkansas law governs whether the deed of trust provides notice sufficiently to withstand challenge by the trustee under 11 U.S.C. § 544(a)(3).

## Standard of Review

The bankruptcy court's factual findings are reviewed for clear error and its legal conclusions are reviewed *de novo*. Apex Oil Co. v. Sparks (In re Apex Oil Co.), 406 F.3d 538, 541 (8th Cir. 2005). The appellant challenges the bankruptcy court's holding that the deed of trust constitutes constructive notice.

## Discussion

Mississippi has a statute describing the appropriate form of acknowledgment for limited liability companies, Miss. Code Ann. § 89-3-7, but that acknowledgment form was not used on this deed of trust.

The trustee relies on the case of White v. Delta Foundation, Inc., 481 So. 2d 329 (Miss. 1985), for the proposition that a corporate acknowledgment has to make clear that a corporation is executing the document by and through an authorized officer or agent. The White case dealt with a foreclosure after the lender had appointed a successor trustee. The body of the document was not clear as to whether the original lienholder or a successor entity was making the change in trustees, and the acknowledgment named only the successor trustee individually, not in his corporate capacity. The court ruled that the deed was patently defective because the acknowledgment was improper for a corporate party.

The White court, however, noted that "[a] liberal interpretation of acknowledgments encompasses examination of the body of the instrument itself, and

3

an acknowledgment will not necessarily be deemed fatal for an omission which can be supplied from the body of the instrument itself." 481 So. 2d at 333-34. Nevertheless, since the body of the deed was ambiguous, the court could not rely on it for clarification of the acknowledgment.

As the bankruptcy court noted, a subsequent case, Estate of Dykes v. Estate of Williams, 864 So. 2d 926 (Miss. 2003), also ruled that a defective acknowledgment will not be held fatal for an omission that can be filled in from the body of the deed itself.

The federal district court in Mississippi followed the same rule in Morton v. Resolution Trust Corp., 918 F. Supp. 985 (S.D. Miss. 1995). In Morton, the Mortons' property was sold at foreclosure, twice. The trust deed holder, through a corporate officer, had previously appointed a substitute trustee who conducted the first foreclosure sale. Thereafter, the same corporate officer appointed another substitute trustee who conducted a second sale. The parties disputed the validity of the first sale because of an allegedly defective substitution-of-trustee document. The defendant argued that the acknowledgment in that document was flawed because it did not identify the person who signed it (the space for the name was left blank). This argument relied on the statement in the White case that the acknowledgment's failure to identify the person who executed the instrument was fatal to the document.

The district court disagreed with that argument, noting that the corporate officer's name appeared in the body of the substitution document as the person authorized on behalf of the corporation to execute the document, and he signed it. In light of Mississippi caselaw mandating "liberal interpretation of acknowledgments," the district court found that the bank officer's name was readily ascertainable from the document as a whole. The district court did, however, take pains to point out that the document it was reviewing was executed prior to the statutory amendment requiring a specific form of acknowledgment for corporate entities. That statutory

4

amendment, section 89-3-7 of the Mississippi Code, and its subsections regarding appropriate forms of acknowledgment in various representational capacities, require identification of the signer, his or her capacity to sign on behalf of another entity, and authorization by the entity to execute the document. The acknowledgment at issue here contains none of those elements on behalf of the LLC. While the "grantor" section of the deed of trust identifies the individuals as members of the LLC, nothing in the signature block or acknowledgment would put a third party on notice that they were executing it on behalf of the LLC. The debtor is not referenced in the signature block or the acknowledgment; there is no signature on the debtor's behalf; and there is no indication whatsoever in any part of the document that the individuals were authorized to act on the debtor's behalf.

Even with a liberal interpretation, this deed and acknowledgment does not provide notice that the individuals who signed it were acting on behalf of the LLC. An instrument that has not been properly acknowledged does not constitute notice to creditors or subsequent purchasers. Miss. Code Ann. § 89-3-1. This statute applies to all instruments which affect title to real property. White, 481 So.2d at 335. When an instrument is defective and the defect is apparent, either by reference to the acknowledgment alone or to the instrument as a whole, the instrument does not provide constructive notice to third parties under Arkansas law. Hawkins v. First Nat'l Bank (In re Bearhouse, Inc.), 99 B.R. 926, 928 (Bankr. W.D. Ark. 1989). Because this instrument does not provide constructive notice of Wells Fargo Financial Mississippi 2, Inc.'s and Joseph Pieroni's interest in the LLC's property, the Chapter 7 trustee may avoid it.

## Conclusion

The trustee's complaint to avoid lien should have been granted. The order of the bankruptcy court is reversed.

---